JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
STUART HIMMELSTEIN

**DEFENDANTS**
AMERITAS LIFE INSURANCE CORP.

(b) County of Residence of First Listed Plaintiff   **MONTGOMERY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **LANCASTER**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Marc A. Weinberg, Esquire, Saffren & Weinberg, 815 Greenwood Avenue, Suite 22, Jenkintown, PA 19046; (215) 576-0100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☒ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC Section 1132(a)(1)(B)
Brief description of cause:
Claim for Long Term Disability Benefits

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE 3/19/18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| STUART HIMMELSTEIN | : | CIVIL ACTION |
| v. | : | |
| AMERITAS LIFE INSURANCE CORP. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| | | |
|---|---|---|
| 3/19/18 | Marc A. Weinberg, Esquire | Plaintiff |
| Date | Attorney-at-law | Attorney for |
| 215-576-0100 | 215-576-6288 | mweinberg@saffwein.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __3416 Colonial Circle, Huntingdon Valley, PA  19006__

Address of Defendant: __5900 O Street, Lincoln, NE  68510__

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) __ERISA__

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Marc A. Weinberg, Esquire__, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: __3/19/18__    Marc A. Weinberg, Esquire    60643
               Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __3/19/18__    Marc A. Weinberg, Esquire    60643
               Attorney-at-Law                Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3416 Colonial Circle, Huntingdon Valley, PA  19006

Address of Defendant: 5900 O Street, Lincoln, NE  68510

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?      Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
   (Please specify) ERISA

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Marc A. Weinberg, Esquire, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 3/19/18        Marc A. Weinberg, Esquire        60643
                     Attorney-at-Law                   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/19/18        Marc A. Weinberg, Esquire        60643
                     Attorney-at-Law                   Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STUART HIMMELSTEIN<br>3416 Colonial Circle<br>Huntingdon Valley, PA 19006 | : <br> : <br> : <br> : | CIVIL ACTION NO. |
| v. | : <br> : | |
| AMERITAS LIFE INSURANCE CORP.<br>5900 O Street<br>Lincoln, NE 68510 | : <br> : <br> : | Jury Trial Demanded |

**COMPLAINT - CIVIL ACTION**

Plaintiff, Stuart Himmelstein, (hereinafter referred to as "Plaintiff"), by and through his attorneys, Saffren & Weinberg, brings this action by way of Complaint against Defendant Ameritas Life Insurance Corp. (hereinafter respectively referred to as "AMERITAS") for relief pursuant to Commonwealth of Pennsylvania claims of breach of contract and bad faith. These claims arise out of individual disability insurance policies paid for by Plaintiff and acknowledged by Defendant.

Due to Defendant's failure and refusal to pay ongoing disability benefits which remain as a result of severe and traumatic career ending injuries, Plaintiff is due and owing the relief sought below.

**PARTIES**

1. Plaintiff, Stuart Himmelstein, is an adult individual residing at 3416 Colonial Circle, Huntingdon Valley, Pennsylvania 19006.

2. Defendant, Ameritas Life Insurance Corp., is a corporation or other duly authorized legal entity operating in the Commonwealth of Pennsylvania with a business office

located at 5900 O Street, Lincoln, Nebraska 68510.

3. At all times relevant hereto, Defendant was the administrator as well as the appropriate insurance entity associated with the disability policies referenced below.

## JURISDICTION

4. Jurisdiction of this District Court is invoked pursuant to the provisions of diversity. Plaintiff is a resident of the Commonwealth of Pennsylvania whereas the Defendant, although operating in the Commonwealth of Pennsylvania , has corporate offices located within the State of Nebraska. Therefore, diversity of jurisdiction is hereby requested as the amount in controversy exceeds $75,000.00.

## COUNT I

5. Plaintiff alleges paragraphs 1-4 as though fully set forth herein at length.

6. At all times relevant hereto, Plaintiff was the owner of individual disability insurance policies pursuant to Policy Nos.: E00003190D and G00001444D. See policies attached hereto as Exhibit "A" E00003190D and Exhibit "B" G00001444D.

7. At all times relevant hereto, these insurance policies were purchased by and through Defendant Ameritas.

8. Plaintiff's original policies of insurance originally lapsed as a result of the non-payment of premium dated February 25, 2015. Said benefits were reinstated upon the completion of the reinstatement application dated May 20, 2015.

9. After making appropriate claim for disability insurance coverage pursuant to said policies, subsequent to the reinstatement of said insurance polices, Defendant denied Plaintiff's claim for disability in correspondence dated February 7, 2017.

10. Pursuant to the above referenced policies of insurance, Plaintiff complied with

all notice provisions associated with Part 5 of said insurance policies, with all appropriate claim's applications and documentation submitted supporting said claim.

11. Defendant has alleged that Plaintiff misrepresented his medical condition with regard to the reinstatement of said policy application in May 2015 and, as such, Plaintiff was not entitled to any coverage associated with said injury.

12. Plaintiff has submitted all relevant medical documentation supporting his ongoing disability and inability to perform the services of a chiropractic physician and in no way misrepresented his medical condition during the course of the reinstatement of said insurance policies.

13. Plaintiff's medical condition clearly precludes his ability to return to pre-injury employment and Plaintiff has sought all relevant benefits pursuant to said policies to which Defendant remains steadfast in said denial.

14. As of this date, Plaintiff is entitled to full and complete individual disability benefits, pursuant to said long term disability policies of insurance.

15. After repeated requests for said benefits as well as numerous telephone conversations between Plaintiff's insurance broker and representatives of Defendant Ameritas, Plaintiff has been left with no alternative but to seek this Court's intervention to secure said valid policy benefits.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, costs of suit, interest as well as all other relief this Honorable Court deems just and proper.

## COUNT II
## BAD FAITH - 8371

16. Plaintiff repeats and re-alleges the foregoing paragraphs as though fully set forth herein.

17. At all times relevant hereto, Defendant was obligated to pay Plaintiff long term disability benefits as long as Plaintiff provided adequate medical documentation evidencing disability and so long as he could not perform the duties of his occupation (chiropractic physician).

18. As a result of Defendant's failure to act with the requisite care, skill, principles of due diligence in the examination of Plaintiff's claim, Plaintiff has been denied long term disability benefits pursuant to these individual disability policies and continues to suffer the consequences of Defendant Ameritas' actions.

19. Defendant Ameritas' actions include but are not limited to:

   a) failing to provide Plaintiff a full and fair opportunity to be heard concerning his claim for individual disability benefits;

   b) failing to take an impartial and complete review of all of the relevant medical documentation provided by the Plaintiff to the Defendant Ameritas;

   c) failing to use adequate care, skill, prudence and diligence in the investigation and administration of Plaintiff's claim for disability benefits;

   d) failing to acknowledge the clear material misrepresentations made by Defendant's representatives in the evaluation, review and administration of Plaintiff's individual disability policies;

   e) failing to use reasonable prudence with regard to the examination of Plaintiff's

medical records and making clear and deliberate misrepresentations concerning actions that Plaintiff may or may not have been involved in pursuant to the reinstatement of Plaintiff's insurance policy on or about May 20, 2015 and his subsequent application for disability benefits;

f) failing to respond on a timely basis to Plaintiff's concerns and failing to provide Plaintiff an opportunity to explain any potential inconsistency in Plaintiff's medical records and his application for individual disability insurance benefits;

g) failing to provide Plaintiff all necessary documentation in Plaintiff's claim file necessary for Plaintiff to appropriately respond to any requests made by the Defendant;

h) failing to respond completely to all requirements of Defendant Ameritas pursuant to its obligations and requirements in said individual disability benefit policies;

I) failing to grant Plaintiff an appropriate acceptance of benefits due to the overwhelming medical evidence confirming the level a disability that has been supplied by the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, interest, attorney fees, costs of suit, as well as all other relief this Honorable Court deems just and proper.

## COUNT III
## COMMON LAW BAD FAITH

20. Plaintiff repeats and re-alleges the foregoing paragraphs as though fully set forth

herein.

21. At all times relevant hereto, Defendant was obligated to pay Plaintiff long term disability benefits as long as Plaintiff provided adequate medical documentation evidencing disability and so long as he could not perform the duties of his occupation (chiropractic physician).

22. As a result of Defendant's failure to act with the requisite care, skill, principles of due diligence in the examination of Plaintiff's claim, Plaintiff has been denied long term disability benefits pursuant to these individual disability policies and continues to suffer the consequences of Defendant Ameritas' actions.

23. Defendant Ameritas' actions include but are not limited to:

   a) failing to provide Plaintiff a full and fair opportunity to be heard concerning his claim for individual disability benefits;

   b) failing to take an impartial and complete review of all of the relevant medical documentation provided by the Plaintiff to the Defendant Ameritas;

   c) failing to use adequate care, skill, prudence and diligence in the investigation and administration of Plaintiff's claim for disability benefits;

   d) failing to acknowledge the clear material misrepresentations made by Defendant's representatives in the evaluation, review and administration of Plaintiff's individual disability policies;

   e) failing to use reasonable prudence with regard to the examination of Plaintiff's medical records and making clear and deliberate misrepresentations concerning actions that Plaintiff may or may not have been involved in pursuant to the reinstatement of Plaintiff's insurance policy on or about May

    20, 2015 and his subsequent application for disability benefits;

f) failing to respond on a timely basis to Plaintiff's concerns and failing to provide Plaintiff an opportunity to explain any potential inconsistency in Plaintiff's medical records and his application for individual disability insurance benefits;

g) failing to provide Plaintiff all necessary documentation in Plaintiff's claim file necessary for Plaintiff to appropriately respond to any requests made by the Defendant;

h) failing to respond completely to all requirements of Defendant Ameritas pursuant to its obligations and requirements in said individual disability benefit policies;

I) failing to grant Plaintiff an appropriate acceptance of benefits due to the overwhelming medical evidence confirming the level a disability that has been supplied by the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, interest, attorney fees, costs of suit, as well as all other relief this Honorable Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable herein.

                                **SAFFREN & WEINBERG**

By: _____
      Marc A. Weinberg, Esquire
      Atty. I.D. No. 60643
      815 Greenwood Avenue, Suite 22
      Jenkintown, PA 19046
      (215) 576-0100